FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 1 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DARLENE CATOE,**
**Individually and on Behalf of All**
**Others Similarly Situated**                       **PLAINTIFF**

vs.            Case No. 4:19-cv- 485 BRW

**KIWI-TEK, LLC.**                                                    **DEFENDANT**

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff Darlene Catoe, individually and on behalf of all other similarly situated current and former employees of Defendant Kiwi-Tek, LLC ("Defendant"), by and through her attorneys Chris Burks and Brandon Haubert of WH Law, and brings this putative collective action, and in support thereof she does hereby state and allege as follows:

### I.
### OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as a collective action on behalf of herself and all current or former medical coders employed by Defendant from May 22, 2016, to the present.

2. The proposed § 216(b) collective will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative collective members.

3. Plaintiff, in addition the federal claims identified above, brings this action under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory

judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff overtime compensation for the hours in excess of forty hours in a single week that she was/is made to work.

## II.
## THE PARTIES

### A. Plaintiff

4. Plaintiff Darlene Catoe is a citizen of the United States, domiciled in Lonoke County, and has been employed by Defendant in Arkansas at times after May 22, 2016, as a medical coder.

5. Plaintiff's hours varied from week to week but she regularly worked more than 40 hours a week, including some weeks in which she worked in excess of 60 hours.

6. Despite her overtime work, she was not properly compensated for all overtime hours worked in excess of 40 hours per week. Plaintiff Catoe's consent to sue is attached hereto as Exhibit "A".

7. Plaintiff bring this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as medical coders since May 22, 2016. As this case proceeds, it is likely that more individuals will join this action as opt-in Plaintiffs.

8. The precise size of the FLSA Collective and the identity of the putative Plaintiffs will be ascertainable from the business records of Defendant and its related and affiliated entities.

**B.** **Defendant**

9. Defendant Kiwi-Tek, LLC, is an Indiana corporation with its principal place of business located at 8900 Keystone Crossing, Suite 1095, Indianapolis, Indiana 46240.

10. Defendant's registered agent for service of process is FBT Indiana, 201 N. Illinois St., Suite 1900, Indianapolis, Indiana, 46204.

11. This Defendant is and has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000.00 at all relevant times.

12. Plaintiff, and all those similarly situated, are "employees" of Defendant engaged in commerce or in the production of goods or services for commerce as defined by 29 U.S.C. § 206(a) and 207(a)(1).

13. At all relevevant times, Defendant is and has been an "employer" of Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. This claim is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and is a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff' claims arise under § 207(a) of the FLSA.

### III.

### VENUE

15. Venue is proper in this Court as a substantial part of the events giving rise the claims occurred in the Western Division of this District.

## IV.
## COLLECTIVE ACTION DEFINITION

16. The class of similarly situated employees sought to be certified under 29 U.S.C. § 216(b) as a collective action is defined as:

**All medical coders employed after May 22, 2016 (the "FLSA Collective").**

## V.
## FACTS

17. Defendant employed Plaintiff and the FLSA Collective as medical coders who entered data into Defendant's medical records data system.

18. Plaintiff's hours varied from week to week, but Defendant suffered and permitted her to regularly work more than 40 hours a week, including some weeks in which she worked up to and including 70 or more hours in a workweek.

19. Upon information and belief, Defendant suffered and permitted the members of the FLSA Collective to work more than 40 hours in a week, and members of the FLSA Collective worked more than 40 hours in certain workweeks.

20. Defendants labeled Plaintiff and other medical coders as "independent contractors" for purposes of the FLSA.

21. However, Defendant treated Plaintiff and other medical coders as employees in that Defendant "provided all training at no cost," a "benefits package for full-time coders," "long-term assignments and steady work," "constructive feedback," and "career advancement into management."

22. Further, Plaintiff and other medical coders were not financially invested in the company.

23. Plaintiff and other medical coders did not share in the profits or losses of the company.

24. Plaintiff and other medical coders had no control over the method and type of work given to them. Defendant, not Plaintiff and other medical coders, arrange all work for Plaintiff and other medical coders. The software used is set by Defendant.

25. Defendant sets rules and has complete control over the manner of work to be performed, and Plaintiffs and other medical coders had to obey these rules or risk the loss of their job.

26. Defendants failed to pay Plaintiff one and one-half time Plaintiff's regular rate for all hours worked over forty in a workweek.

27. At all relevant times, Defendants knew or should have known that the FLSA applied to the operation of a medical coding company.

28. Neither Plaintiff nor the members of the FLSA Collective were compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty hours a week for all weeks worked. Rather than paying them 1.5 times their regular rate of pay for all hours worked over 40 in a workweek, Defendant paid them a piece rate per-medical chart completed without regard to the number of hours worked.

29. Plaintiff is aware of other current and former employees of Defendant who were subject to the same payroll practice.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Plaintiff files this action on behalf of herself and all similarly situated individuals. As mentioned above, the proposed FLSA Collective is defined as follows:

**All medical coders employed
after May 22, 2016**

32. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over 40 in a workweek.

33. Plaintiff is unable to state the exact number of the class but believes that the class's membership is more than 125 persons.

34. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

35. The names, phone numbers, and physical and mailing addresses of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via text message and first class mail to their last known physical and mailing addresses as soon as possible.

36. Additionally, the email addresses of many of the FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action Plaintiffs via email to their last known email addresses as soon as possible.

37. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

   a. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

   b. Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

38. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over 40.

## VII.
## COUNT ONE:
## FAIR LABOR STANDARDS ACT—OVERTIME WAGES

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over 40 hours per workweek.

41. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than 40 hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

42. The preceding violation harmed Plaintiff individually, and it also harmed the proposed class.

43. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals proper overtime compensation in violation of the FLSA.

44. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

45. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## VIII.
## COUNT TWO:
## ARKANSAS MINIMUM WAGE ACT—OVERTIME WAGES

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

48. At all relevant times, Defendant has been and continues to be an "employer" of Plaintiff within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

49. Defendant, at all times relevant hereto, classified Plaintiff as exempt from the overtime requirements of the AMWA.

50. Defendant required Plaintiff to work in excess of forty (40) hours each week but failed to pay Plaintiff overtime compensation for the hours in excess for forty (40) worked each week.

51. Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week, in violation of the AMWA.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.

## RELIEF SOUGHT

WHEREFORE, premises considered, Plaintiff Darlene Catoe prays that Defendant be summoned to appear and answer herein and for judgment against Defendant as follows:

1. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative Plaintiff at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

2. Judgment that Plaintiff and those similarly situated are entitled to the overtime protections under the FLSA;

3. Judgment against Defendant for violation of the overtime provisions of the FLSA;

4. Judgment that Defendant' violations of the FLSA were willful;

5. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

6. An award of prejudgment interest (to the extent liquidated damages are not awarded);

7. An award of reasonable attorneys' fees and costs;

8. Leave to add additional Plaintiff and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court;

9. Judgment for unpaid wages, all as set forth above, for damages accrued under the AMWA; and

10. For such further relief as may be necessary and appropriate.

Respectfully submitted,

**DARLENE CATOE, PLAINTIFF**

WH LAW, PLLC
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891–6000

By: _____
Chris W. Burks (ABN: 2010207)
chris@whlawoffices.com

_____
Brandon M. Haubert (ABN: 2013137)
brandon@whlawoffices.com